Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed
June 2, 2009








 

Petition
for Writ of Mandamus Dismissed and Memorandum Opinion filed June 2, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00466-CR

____________

 

IN RE RONALD CLIFTON WORD, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M  O P I N I O N

On May
19, 2009, relator, Ronald Clifton Word, filed a petition for writ of mandamus
in this Court.  See Tex. Gov=t Code Ann '22.221 (Vernon 2004); see also
Tex. R. App. P. 52.1.  In his petition, relator states he filed an application
for writ of habeas corpus with the 178th District Court, seeking to remove a
void conviction from his record.  Relator complains that the respondent, Loren
Jackson, Harris County District Clerk, instead of filing his application, sent
him a post-conviction form, which he asserts is inapplicable to the Aadjudication of served convictions.@  Relator requests that we compel
Jackson to file and submit his application to the judge of the 178th District
Court.  








A court
of appeals has the authority to issue writ of mandamus against a judge of a district
or county court in the court of appeals= district and all writs necessary to
enforce its jurisdiction.  Tex. Gov=t Code Ann. ' 22.221(b).  For a district clerk to
come within our jurisdictional reach, it must be established that the issuance
of the writ of mandamus is necessary to enforce our jurisdiction.  In re
Coronado, 980 S.W.2d 691, 692B93 (Tex. App.CSan Antonio 1998, orig. proceeding). 


Relator
seeks post-conviction habeas relief.  Although courts of appeals have
jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has
jurisdiction over matters related to final post-conviction felony proceedings. 
Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App.
1991) (orig. proceeding).  This includes assertions of void convictions.  See
id. (holding court of appeals abused its discretion by granting mandamus
relief on relator=s assertion of void judgment)

Relator
has not shown that the exercise of our mandamus authority against Jackson is
necessary to enforce our jurisdiction.  Therefore, we have no authority to
issue a writ of mandamus against Jackson.  

Accordingly,
relator=s petition for writ of mandamus is
ordered dismissed for lack of jurisdiction. 

 

PER
CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Yates and Frost.  

Do Not PublishCTex. R. App. P. 47.2(b).